[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2011
JOHN LEY
CLERK

No. 10-15087
Non-Argument Calendar

D. C. Docket No. 1:109-cv-02828-ODE

FIRST STATE BANK OF NORTHWEST ARKANSAS,

Plaintiff-Appellee,

versus

GEORGIA 4-S INVESTMENTS LLP,

Defendant,

SALMAN S. BANJEE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(March 18, 2011)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

This appeal boils down to the question of whether the forum selection clause in the guaranty agreement Salman Banjee gave Alpha Bank & Trust of Alpharetta, Georgia, whose assets First State Bank of Northwest Arkansas (the "Bank") subsequently acquired, required the Bank to sue Banjee in the state courts of Georgia.[1] The district court held that the clause gave the Bank the right to sue Banjee in federal court in Georgia and denied Banjee's motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3).

The forum selection clause states:

[Banjee] agrees that the courts of the State of Georgia shall have jurisdiction to hear and determine any claims or disputes pertaining directly or indirectly to this Guaranty or any matter arising therefrom. [Banjee] expressly submits and consents in advance to such jurisdiction in any action or proceeding in such court.

The district court held that the clause did not preclude suit in a federal court in Georgia thusly:

The clause does not contain any language indicating exclusivity. It requires that Banjee must submit to the jurisdiction of Georgia state courts, but does not mandate that all litigation relating to the Guaranty occur there. Though the word 'shall' may indicate non-discretion, it does not also connote exclusivity in all circumstances. Here, the word 'shall' indicates non-discretion in the sense that it

_____

[1] The guaranty agreement is collateral for a $4 million loan Alpha Bank & Trust of Alpharetta made to Georgia 4-S Investments, LLP.

prohibits Banjee from contesting the jurisdiction of Georgia state courts if such jurisdiction is asserted, but it does not state that <u>only</u> Georgia state courts 'shall have jurisdiction' in this matter.

Order dated April 1, 2010 at 7. We are persuaded by the district court's reading of

the clause and therefore affirm its judgment denying Banjee's motion to dismiss.

AFFIRMED.